United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VALENCIA WILLIAMS, | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-7503 |
| TEXAS SECRETARY OF STATE; | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the Court is Plaintiff Valencia Williams' ("Williams") Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Hearing. (Doc. No. 12). After reviewing the pleadings and the law, however, the Court finds that it lacks jurisdiction over this case. This case is therefore **DISMISSED** for lack of jurisdiction.

## I. Background

Williams alleges that, on August 17, 2026 at around 2:15 a.m., she submitted a "Petition in Lieu of Filing Fee" to the Texas Secretary of State to be included on the list of write-in candidates for Texas's 18th Congressional District. (Doc. No. 1 at 2). According to Williams's pleadings, the statutory deadline for such filings was August 17, 2026 at 5:00 p.m., some fifteen hours after Williams submitted her petition. Williams alleges that she called the Secretary of State's legal department at 1:23 p.m. that day and spoke with a person named "Ryan," who informed her that no corrections or amendments to her petition were necessary. Then, at some point "[f]ollowing the closing of the deadline," and before the filing of this case—on September 8, 2026—the Secretary of State rejected Williams's petition.

Williams then filed this case against the Texas Secretary of State seeking to compel the Secretary of State to include her name on the list of write-in candidates. Williams alleges that she detrimentally relied on the Secretary of State's statement that her application was error-free. Based on this alleged reliance—along with a conclusory allegation that the Secretary of State's denial of her petition was "based on clerical technicalities"—Williams asks this Court to order the Secretary of State to include her name on the write-in list.

**II. Analysis**

"It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "Under the Eleventh Amendment, [f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Calhoun v. Collier*, 78 F.4th 846, 850 (5th Cir. 2023) (citing *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)). This is a suit against a state agency, and there has been no showing of a waiver of sovereign immunity or congressional abrogation.

That being the case, there is a narrow exception to this jurisdictional bar under *Ex parte Young*: "a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal constitution." *Id.* at 851. This exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). In other words, the *Ex parte Young* exception—as set out by the Fifth Circuit in *Calhoun* and *Moore*—allows the federal courts to

exercise jurisdiction over suits seeking injunctive relief against state officials in their official capacity where those suits are for violation of federal law or the federal constitution.

To be sure, the relief Williams seeks is injunctive in nature, albeit not a typical one: she wants to be included on the write-in list for the upcoming election. *See Calhoun*, 78 F.4th at 846. Nevertheless, the *Ex parte Young* exception is inapplicable here for two reasons. For one thing, Williams has sued the Texas Secretary of State as a state agency; not Robert S. Howden, in his official capacity as the Secretary of State. *See Metcalf & Eddy*, 506 U.S. at 146 (*Ex parte Young* exception "has no application in suits against the States and their agencies"). Additionally, even if Williams had sued Mr. Howden in his official capacity, she has not pleaded that the Secretary of State's actions here "offend federal law or the federal constitution." *Calhoun*, 78 F.4th at 850.

"While the right to run for public office is protected by the First Amendment, it is not an absolute right." *Phillips v. City of Dallas*, 781 F.3d 772, 779 (5th Cir. 2015) (citing 16A McQuillin Mun. Corp. § 45:86 (3d ed.2014)). Indeed, states are generally free to add conditions for inclusion on the ballot, as long as those conditions do not change the qualification requirements to be a member of Congress. *See Storer v. Brown*, 415 U.S. 724, 746 (1974) ("[T]he State is free to assure itself that the candidate is a serious contender, truly independent, and with a satisfactory level of support."). Williams has not alleged that Texas's conditions for inclusion on the write-in list unfairly burden her right to run for public office. In fact, Williams has not alleged that Texas's conditions are violative of federal law in any way. She alleges that her application was rejected "based on minor technical or clerical issues." (Doc. No. 1 at 1). In an attempt to determine why the Texas Secretary of State denied Williams' application, this Court ordered Williams to produce "any and all correspondence between Plaintiff and the Texas Secretary of State regarding her application . . . ." (Doc. No. 11). Williams has not complied with that order.

Instead, she alleges that the Secretary of State's office, via "Ryan," improperly told her that her application was error-free, and that she relied on this statement by not amending her application before the deadline. This would appear to be a sort of equitable estoppel claim: that the Texas Secretary of State should be estopped from denying Williams' application because "Ryan" told her that it was error free. This claim does not sound in federal law, and therefore would not—even if Williams had sued the correct defendant—provide a basis for waiving Texas's sovereign immunity under the Eleventh Amendment. This Court is, as such, without jurisdiction. *See Calhoun*, 78 F.4th at 850.

**III. Conclusion**

For the foregoing reason, the Court finds that it lacks subject-matter jurisdiction over this case. This case is **DISMISSED** without prejudice.

It is so ordered.

Signed on this the 2nd day of November 2026.

Andrew S. Hanen
United States District Judge